IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA DUANE BUTLER<br>            Plaintiff,<br><br>v.<br><br>KEVIN BRANSCUM, DA personally and in his official capacity; and DEPUTY MATTHEW YOUNGBLOOD, Personally and in his official capacity,<br><br>            Defendant, | Case No. 23-CV-344-RAW |

## ORDER

Before the court is Defendant Deputy Matthew Youngblood's ("Defendant Youngblood"), motion for sanctions for Plaintiff's failure to cooperate in discovery [Dkt. No. 78]. For the foregoing reasons, the Motion is DENIED.

The present motion comes after this court previously granted, in part, Defendant Youngblood's Motion to Compel the Plaintiff to respond to the Defendant's First Request for Production of Documents, First Set of Interrogatories, and First Set of Admission to Plaintiff [Dkt. No. 61 granting in part the Motion to Compel Dkt. No. 60]. The discovery requests were initially due on or about Friday, June 14, 2024, and it has been more than a year since the court entered an order compelling the Plaintiff to respond to the same. The Plaintiff argues that he could not respond because he is incarcerated and he was transferred to several different facilities. However, according to his response to Defendant Youngblood's Motion for Sanctions, the Plaintiff received the Defendant's discovery requests no later than November 14, 2024 [See Dkt. No. 80 discussing when Plaintiff received the Defendant's requests.] Yet, despite being ordered by this court to respond, he has yet to provide discovery responses.

1

Under Federal Rule of Civil Procedure 37(b)(2)(A)(v), "[i]f a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders," including "dismissing the action or proceeding in whole or in part." Likewise, under Rule 41, the Court may dismiss an action for failure to comply with a Court order. Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Moreover, under Rules 37(d)(1)(ii) and 37(d)(3), the Court may dismiss an action after "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Notably, pro se litigants "are not immune from sanctions for failing to obey a discovery order." *Belford* v. *Nowlin*, No. 20-7070, 2021 U.S. App. LEXIS 22460, 2021 WL 3148953, at *2 (10th Cir. July 26, 2021) (unpublished).

The Tenth Circuit has "recognize[d] that dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus* v. *Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citing *Meade* v. *Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1998); *M.E.N. Co*. v. *Control Fluidics, Inc*., 834 F.2d 869, 872-73 (10th Cir. 1987)). A district court ordinarily considers the *Ehrenhaus* factors when deciding whether dismissal is an appropriate sanction for discovery violations, including (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *Ehrenhaus* v. *Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (ellipses, citations, and internal quotation marks omitted). The first three factors aid the Court in deciding whether to apply any sanction, and "[t]he last two inform on whether dismissal or a lesser sanction is appropriate." *King* v. *Fleming*, 899 F.3d 1140, 1150 n.15 (10th

Cir. 2018)."Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus,* 965 F.2d at 921.

Because dismissal as a sanction requires consideration of the *Erenhaus* factors, the Court considers each factor in turn. Regarding the first factor, the Defendant has been prejudiced insofar as he has not been able to conduct discovery and prepare a defense. *See Muldrow* v. *Giannini,* Civ. No. 18-1174 MV/JFR, 2019 U.S. Dist. LEXIS 124260, 2019 WL 3323523, at *3 (D.N.M. May 28, 2019) (finding that failure to "engage in discovery" constituted actual prejudice). Additionally, the Defendant has incurred attorneys' fees associated with engaging in motion practice to compel the Plaintiff to engage in discovery. Similarly, the second factor weighs in favor of dismissal as the Plaintiff's failure to comply with the court's order compelling him to respond to discovery "interferes with the orderly administration of justice". *Ehrenhaus*, 965 F.2d at 921.

With respect to the third factor, the plaintiff here is culpable for his lack of response. *Richards* v. *City of Lovington*, 2022 U.S. Dist. LEXIS 69008, *9 (finding that a pro se plaintiff who had been informed of his obligation to participate in litigation fully and subsequently failed to respond to discovery was culpable under the third *Erenhaus* factor). The fourth prong weighs against dismissal as the Plaintiff was not previously warned that his case could be dismissed because of his failure to respond. As to the fifth factor, the efficacy of lesser sanctions, the Defendant contends that lesser sanctions would not be efficacious because the Plaintiff is a pro se prisoner proceeding in forma pauperis. *See* Dkt. No. 78 at 4. Thus, imposing a monetary sanction would likely be futile. In general, the court agrees that imposing monetary sanctions against this Plaintiff would not be productive. Thus, except for factor four, the *Erenhaus* factors weigh in favor of dismissal as a sanction.

However, unlike the Plaintiff in *Richards*, the Plaintiff here has not received a warning that his failure to respond to discovery may result in the dismissal of his case. 2022 U.S. Dist. LEXIS 69008. Additionally, many of the cases where a district court imposed sanctions for a pro se plaintiff's failure to respond to discovery involved plaintiffs who had repeatedly failed to comply with multiple court orders. *Valdez* v. *Liberty Mut. Ins. Co.*, Civil Action No. 19-cv-01382-PAB-KMT, 2020 U.S. Dist. LEXIS 150574, 2020 WL 4882436, at *4 (D. Colo. Aug. 19, 2020) (finding dismissal was appropriate where plaintiff failed to comply with any deadlines, including responding to defendant's motions); *Alonso v. Barham*, 2020 U.S. Dist. LEXIS 210138, *5-6 (Dismissing because plaintiff failed to participate in the case. He was not responding to court orders, participating in hearings, or prosecuting his claims in any way.) *Ehrenhaus* v. *Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (Affirming dismissal as a sanction where the plaintiff intentionally refused to appear, which the Court finds to be in bad faith and willful and intentional disobedience to two court orders).

Here, the Plaintiff has replied to both the Plaintiff's motion to compel and their motion for sanctions. Additionally, because the Plaintiff is pro se, the court finds the fact that he was not previously warned that dismissal may result from failure to respond to discovery, a particularly compelling factor. Accordingly, the Defendant's Motion for Sanctions [Dkt. No. 78] is hereby DENIED. Additionally, Plaintiff is hereby ORDERED to respond to the Defendant's discovery requests within sixty (60) days, or his case will face dismissal.

**IT IS SO ORDERED** on this 21st day of October 2025.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**