# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA DUANE BUTLER,<br><br>  *Plaintiff*,<br><br>v.<br><br>KEVIN BRANSCUM, in his individual capacity,<br><br>  *Defendant.*[*] | Case No. CIV-23-344-RAW |

## ORDER

On January 6, 2026, the remaining defendant in this case, Kevin Branscum, filed a notice that the plaintiff in this case, Joshua Butler died on or about December 31, 2025. On March 18, 2026, the court received a notice from the Oklahoma Department of Corrections that Joshua Butler died on December 31, 2025. No death certificate has been filed.

Federal Rule of Civil Procecure 25(a)(1) provides:

> If a party dies *and the claim is not extinguished*, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days *after service of a statement noting the death*, the action by or against the decedent must be dismissed.

Fed.R.Civ.P. 25(a)(1) (emphasis added).

Whether a § 1983 claim survives the death of plaintiff or is extinguished is governed by state law, so long as the state law is not inconsistent with the Constitution and laws of the United States. *Robertson v. Wegmann*, 436 U.S. 584 (1978). See also *Hopkins v. Oklahoma Pub. Emps.*

---

[*] On September 27, 2024, Plaintiff's claims against Kevin Branscum were dismissed with the exception of the §1983 claim regarding his conduct after stopping Mr. Butler's vehicle. Docket No. 73. On January 5, 2026, Plaintiff's claims against the other named defendant in this case, Matthew Youngblood, were dismissed. Docket No. 88.

*Ret. Sys.*, 150 F.3d 1155, 1159 (10th Cir. 1998) (citing 42 U.S.C. § 1988(a) and noting that in *Robertson v. Wegmann,* "the Supreme Court held that in the absence of any federal law controlling the survival and abatement of section 1983 suits, this question would be governed by the local state's survival and abatement statute, so long as that statute is "not inconsistent with the Constitution and laws of the United States.").

The only remaining claim in this action is Mr. Butler's §1983 claim against Mr. Branscum regarding his conduct after stopping Mr. Butler's vehicle on August 17, 2023.  In Oklahoma: "In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive . . . ."  12 OKLA. STAT. § 1051.  Additionally, in Oklahoma: "No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander or malicious prosecution, which shall abate by the death of the defendant."  12 OKLA. STAT. § 1052.  Mr. Butler's claim was not extinguished by his death.

As noted above, pursuant to Federal Rule of Civil Procedure 25(a)(1), the court must dismiss this case if no motion for substitution is made within ninety (90) days after service of a statement noting the death.  Notably, however, there is no indication on the docket in this case that service of a statement noting Mr. Butler's death was ever made upon his successor(s) or representative. "[T]he service required by Rule 25(a)(1) on nonparties, specifically the successors or representatives of the deceased party's estate, must be service pursuant to Fed.R.Civ.P. 4." *Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990).

Accordingly, the court hereby directs the Defendant to either file with this court proof of service if it was already done or to serve Mr. Butler's successor(s) or representative with a

statement noting Mr. Butler's death pursuant to Rule 4 and to then file the proof of service with this court.

**IT IS SO ORDERED** this 3rd day of June, 2026.

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**